

ENTERED
10/30/2018

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No.: 17-33832 |
| | § | CHAPTER 7 |
| FRETZ CONSTRUCTION COMPANY | § | |
| Debtor. | § | JUDGE BOHM |
| | § | |

### AGREED ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF

Upon the Motion of Rodney D. Tow, chapter 7 trustee ("Trustee") for the estate ("Estate") of the captioned debtor ("Debtor"), requesting the entry of an order approving the sale of certain assets of the Debtor's Estate to Oak Point Partners, LLC ("Oak Point") free and clear of liens, claims, interests and encumbrances pursuant to 11 U.S.C. §§ 105 and 363 and Federal Rule of Bankruptcy Procedure 6004, and related relief ("Motion")[1]; and the Court having jurisdiction to consider the Motion and requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided; and it appearing that no other notice need be provided, and that further notice has been waived; and the Court having read and considered the Motion; and the sole objection to the Motion filed by First Colony Church of Christ ("FCCC") having been resolved as set forth in this Order below; and the Court having determined that the Bidding Procedures are fair, reasonable and appropriate, reflect the Trustee's exercise of prudent business judgment consistent with his fiduciary duties, and are designed to maximize the value to be obtained by the Estate for the Remnant Assets (as defined in the Motion but with such definition being revised as set forth in this Order with the mutual agreement of the Trustee, Oak Point and FCCC); and the Court having determined that

---

[1] Capitalized terms not defined herein shall have the meaning ascribed in the Motion.

the legal and factual bases set forth in the Motion and at any hearing thereon establish just and sufficient cause for the relief granted herein; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The relief sought in the Motion is GRANTED as revised and set forth herein.

2. Notwithstanding anything in the Purchase Agreement or the Motion to the contrary, the definition of "Remnant Assets" is hereby revised to expressly exclude any and all books and records of the Debtor, specifically including those that pertain to any construction files, and any related documents, correspondence, and/or ESI ("Books and Records").

3. As used in this Order, the term "Purchase Agreement" shall mean the Purchase Agreement as revised by the revised definition of the term "Remnant Assets" as set forth in the preceding paragraph.

4. The Purchase Agreement and all of its terms and conditions are approved in their entirety, except as set forth herein.

5. The Bidding Procedures are approved in their entirety.

6. The Purchase Agreement and the Bidding Procedures are fair and reasonable.

7. The objection filed by FCCC on October 8, 2018, docket no. 74, is deemed resolved.

8. Pursuant to 11 U.S.C. § 363(b), the Trustee is authorized to sell the Remnant Assets to Oak Point for the Purchase Price as provided in the Motion.

9. Pursuant to 11 U.S.C. § 363(f), the sale of the Remnant Assets to Oak Point ("Sale") shall be free and clear of any and all liens, claims, interests, and encumbrances, with such liens, claims, interests, and encumbrances to attach to the proceeds of the Sale with the same force, effect, and priority as such liens, claims, interests and encumbrances have on the

Estate's right to the Remnant Assets, as appropriate, subject to the rights and defenses of the Trustee and any party in interest with respect thereto.

10. The Trustee and the Trustee's professionals are authorized to take such actions as are necessary to effectuate the terms of the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary to implement the Purchase Agreement.

11. Oak Point is granted the protections provided to a good faith purchaser under 11 U.S.C. § 363(m).

12. The transfer of the Remnant Assets to Oak Point pursuant to the Purchase Agreement constitutes a legal, valid, and effective transfer of the Remnant Assets, and such transfer shall vest Oak Point with all right, title, and interest in and to the Remnant Assets.

13. The fourteen-day stay under Bankruptcy Rule 6004(h) is waived.

14. This Court reserves jurisdiction over the provisions of this Order and to hear and determine all matters arising from the implementation of this Order.

SIGNED this 30th day of October, 2018.

THE HONORABLE JEFF BOHM
UNITED STATES BANKRUPTCY JUDGE

**AGREED:**

/s/Rodney Tow, Trustee
Rodney Tow, Trustee


/s/ Jeffery Carruth
Jeffery D. Carruth

3