IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| FRETZ CONSTRUCTION COMPANY, | § § | Case No. 17-33832 |
| Debtor. | § § § | **HEARING SET:** <br> **November 8, 2019 at 9:00 a.m.** |

**SECOND MOTION OF FIRST COLONY CHURCH OF CHRIST FOR RELIEF FROM § 362 AUTOMATIC STAY REGARDING CONSTRUCTION DEFECT CLAIMS**

---

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MATTER ON <u>FRIDAY, NOVEMBER 8, 2019 AT 9:00 A.M.</u> IN COURTROOM 404 (JUDGE ISGUR), 515 RUSK STREET, 4TH FLOOR, HOUSTON, TEXAS.**

---

TO THE HONORABLE MARVIN ISGUR, U.S. BANKRUPTCY JUDGE:

First Colony Church of Christ ("FCCC"), creditor and party in interest, files this *Second Motion of First Colony Church of Christ for Relief from § 362 Automatic Stay Regarding Construction Defect Claims* (the "Motion to Lift Stay") and in support thereof would show the Court the following.

## JURISDICTION, VENUE, FINAL ORDER AUTHORITY

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334 and 11 U.S.C. § 362.

2. Venue is proper in this court.

3. This Court may enter a final order as to this core proceeding and contested matter.

## FACTUAL BACKGROUND

4. On July 6, 2017 (the "Petition Date"), Fretz Construction Company ("Fretz" or the "Debtor") filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §101 et seq. (the "Code").

5. Rodney Tow is the duly appointed Chapter 7 Trustee (the "Trustee").

6. In 2007-2009, Fretz performed a construction project (the "Project") for FCCC pursuant to a certain construction contracted entered into between FCCC and Fretz on or about December 10, 2007 (the "Contract").

7. Beginning in 2017 and prior to the Petition Date, FCCC began to discover water intrusion and/or other issues in portions of the structure(s) upon which Fretz performed work and/or provided materials under the Contract, which intrusion and/or other issues constitute claims within the scope of the guaranty provisions of the Contract and/or giving rise to other potential claims against Fretz (the "Construction Defect Claims").

8. It appears also that one or more subcontractors to Fretz should be liable to Fretz and/or FCCC.

9. The bankruptcy estate in this case possesses insufficient assets to provide even a de minimis recovery to FCCC on account of the Construction Defect Claims.

10. In connection with the Contract and the Project, Fretz obtained various insurance coverages for the benefit of Fretz and/or FCCC as shown in the insurance certificate provided with the Contract (collectively, the "Insurance Policies").

11. In order for FCCC to potentially obtain any recovery from and/or on account of the Insurance Policies and/or other liable parties related to the Construction Defect Claims, it is necessary under applicable Texas law for FCCC to commence an action directly against Fretz, and thereby the Trustee, that is adversarial in nature and to provide the relevant insurers and/or the relevant subcontractors an opportunity to defend against the Construction Defect Claims in such action.

12. Accordingly, FCCC seeks relief from the Code § 362(a) stay so that FCCC may commence an action in state court against the Trustee as the representative of Fretz and any other defendants that FCCC deems necessary.

13. Upon commencement of such action, FCCC anticipates that the Trustee, with respect to the Construction Defect Claims made against Fretz and possibly other defendants, will notify the relevant insurers under the Insurance Policies and request a defense of and/or coverage with respect to the Construction Defect Claims.

14. This is the second motion for stay relief prosecuted by FCCC. The prior stay relief order (Docket No. 51) did not expressly permit a direct action against Fretz and/or the Trustee.

**RELIEF REQUESTED**

15. FCCC respectfully requests that the Court lift, annul, and terminate the automatic stay of Code § 362(a) so that FCCC immediately may commence an action against Fretz and/or the Trustee in order to assert and liquidate all Construction Defect Claims against Fretz;

provided, however, that FCCC shall limit any recovery from such litigation to any recovery that might be obtained by Fretz and/or the Trustee from any insurers for the benefit of FCCC.

16. FCCC respectfully requests that the Court terminate the 14-day of Bankruptcy Rule 4001(a)(3) and provide that relief from the Code § 362(a) stay is immediately effective.

17. A proposed order is submitted with this Motion to Lift Stay and is incorporated by reference herein.

## BASIS OF RELIEF

18. Pursuant to Code § 362(d)(1), cause exists to immediately terminate the § 362(a) automatic stay.

19. Cause exists to grant relief from the Code § 362(a) stay so that FCCC may pursue the Construction Defect Claims against Fretz and/or the Trustee.

20. Under Texas law, it is necessary for FCCC to commence an action against Fretz, and thereby the Trustee, in order to liquidate the Construction Defect Claims in a proceeding that is adversarial in nature. *See e.g., State Farm Fire & Casualty Company v. Gandy,* 925 S.W.2d 696 (Tex. 1996).

21. Moreover, under the current application of Texas law, a proof of claim that is deemed allowed by the lack of any objection under Code §502(a), such as the proof of claim filed by FCCC in this case (*see* Claim No. 24, as amended), as an objective matter likely is insufficient for FCCC to trigger coverage for Fretz, the Trustee, and/or FCCC in the absence of a civil action to adjudicate liability.[1]

---

[1] FCCC expressly does not waive any fact, claim, issue, right, remedy, or defense with respect to the ultimate effect of the deemed allowed status of its proof of claim.

22. Relief from the Code § 362(a) stay also is consistent with the *Sonnax* factors, which factors bankruptcy courts typically consider to evaluate whether to permit stay relief so that the prosecution of claims may proceed outside of the bankruptcy forum.[2]

(a) Stay relief will result in a complete resolution of the Construction Defect Claims.

(b) Pursuit of the Construction Defect Claims against Fretz and/or the Trustee will not unduly interfere with the administration of this case.

(c) Any state court proceeding involving the Construction Defect Claims could involve Fretz as a fiduciary, but will not impact the estate subject to the limitations to be provided in the order on this Motion.

(d) The specialized tribunal factor is not applicable.

(e) The Debtor's insurers have not assumed full responsibility, but it is the purpose of this action to put them on notice and to provide a defense to Fretz and/or the Trustee.

(f) The contemplated action to liquidate the Construction Defect Claims would involve the Trustee but would also involve third parties, such as the affected subcontractors.

(g) Any state court litigation to liquidate the Construction Defect Claims will not prejudice the creditors in this case. As stated above, any recoveries obtained by FCCC in the contemplated litigation will be limited to any amounts Fretz and/or the Trustee recover from the insurers.

(h) No judgment that might be obtained by FCCC would be subject to equitable subordination, and/or this factor is not applicable.

(i) Any success in the pursuit of the Construction Defect Claims would not result in a judicial lien to that would require avoidance by the Debtor.

---

[2] *See In re Xenon Anesthesia of Texas, PLLC*, 510 BR 106 (Bankr.S.D.Texas 2014), citing *Sonnax Industries, Inc.*, 907 F.2d 1280 (2nd Cir.1990) (1) whether the relief will result in a partial or complete resolution of the issues; 2) lack of any connection with or interference with the bankruptcy case; 3) whether the other proceeding involves Debtor as a fiduciary; 4) whether a specialized tribunal has been established to hear the particular cause of action; 5) whether the debtor's insurer has assumed full responsibility; 6) whether the action primarily involves third parties; 7) whether litigation in the other forum would prejudice the interests of other creditors; 8) whether the judgment claim arising from the other action is subject to equitable subordination; 9) whether movant's success would result in a judicial lien avoidable by the debtor; 10) interests of judicial economy and the expeditious and economical resolution of litigation; 11) whether the proceedings have progressed to the point that parties are ready for trial; and 12) impact of the stay on the parties and the balance of harm.)

(j)     Stay relief would promote judicial economy and the expeditious and economical resolution of (potential) litigation.

(k)     No proceedings against Fretz and/or the Trustee regarding the Construction Defect Claims have commenced to date.

(l)     No other parties will be harmed by the relief sought by FCCC.

## NOTICE

23.     Notice of this Motion is provided in accordance with Fed. R. Bankr. P. 4001(a)(1) and LBR 4001-1(a)(d). No third parties are known to hold an interest in the Insurance Policies.[3]

24.     Notice of this Motion also is provided to the insurers under the Insurance Policies and/or counsel involved to date.

## CONCLUSION AND PRAYER

WHEREFORE, First Colony Church of Christ, creditor and party in interest, respectfully requests that the Court lift, annul, and terminate the automatic stay of 11 U.S.C. § 362(a) so that FCCC immediately may pursue all Construction Defect Claims against Fretz Construction Company and/or Rodney Tow, Chapter 7 Trustee as set forth above, and that the Court terminate the 14-day of Bankruptcy Rule 4001(a)(3) and provide that relief from the § 362(a) stay is immediately effective. Movant respectfully requests such other and further relief to which Movant is entitled at law or in equity.

---

[3] Schedule D (Docket No. 21) reports no secured creditors.

**SECOND MOTION OF FIRST COLONY CHURCH OF CHRIST FOR RELIEF FROM § 362 AUTOMATIC STAY REGARDING CONSTRUCTION DEFECT CLAIMS — Page 6 of 7**
1583018.DOC[1]

Dated:  October 23, 2019        Respectfully submitted:

                                          WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

                                          By:     /s/ Jeff Carruth
                                                  JEFF CARRUTH
                                                  State Bar No. 24001846
                                                  3030 Matlock Rd., Suite 201
                                                  Arlington, Texas 76015
                                                  Phone: (713) 341-1158
                                                  Facsimile: (866) 666-5322
                                                  jcarruth@wkpz.com

                                                  ATTORNEYS FOR
                                                  FIRST COLONY CHURCH OF CHRIST

## CERTIFICATE OF SERVICE

      A true and correct copy of the foregoing item on October 23, 2019 was served (i) by ECF notice to all registered users who have appeared in this case to date and which are listed below and (ii) by regular mail to the following persons in the address lists shown below.

                                               */s/ Jeff Carruth*
                                               Jeff Carruth

## CERTIFICATE OF CONFERENCE

The undersigned previously corresponded with Rodney Tow, Chapter 7 Trustee, and the relief sought above is not believed to be opposed by the Trustee.

                                               */s/ Jeff Carruth*
                                               Jeff Carruth

## MAIL SERVICE LIST

| | |
|---|---|
| **Debtor** | Fretz Construction Company<br>8945 Long Point Road<br>Houston, TX 77055-3034 |
| **Debtor's Counsel** | Trent L Rosenthal<br>Trent L Rosenthal, P.L.L.C.<br>675 Bering, Suite 150<br>Houston, TX 77057 |
| **Chapter 7 Trustee** | Rodney D Tow<br>Rodney Tow, PLLC<br>1122 Highborne Cay Court<br>Texas City, TX 77590-1403 |
| **US Trustee** | US Trustee<br>Office of the US Trustee<br>515 Rusk Ave, Ste 3516<br>Houston, TX 77002 |
| **Notice of Appearance Party** | Scott Thomas Citek<br>Lamm & Smith PC<br>3730 Kirby Drive, Ste 650<br>Houston, TX 77098 |
| **Notice of Appearance Party** | John P Dillman<br>Linebarger Goggan et al<br>1301 Travis Street, Suite 300<br>Houston, TX 77002 |
| **Notice of Appearance Party** | Jeffery B Kaiser<br>Kaiser, P.C.<br>2211 Norfolk Suite, 528<br>Houston, TX 77098 |
| **Notice of Appearance Party** | Lisa M. Norman<br>Andrews Myers, PC<br>1885 St. James Place 15th Floor<br>Houston, TX 77056 |
| **Notice of Appearance Party** | Aaron James Power<br>Porter Hedges LLP<br>1000 Main 36th Flr<br>Houston, TX 77002 |
| **Notice of Appearance Party** | Damian W Abreo<br>Johnson DeLuca Kurisky & Gould, P.C.<br>1221 Lamar Street Suite 1000<br>Houston, TX 77010 |
| **Notice of Appearance Party** | Alex Olmedo Acosta<br>Acosta Law, P.C.<br>13831 Northwest Freeway Ste 400<br>Houston, TX 77040 |

| | |
|---|---|
| **Notice of Appearance Party** | H Joseph Acosta<br>FisherBroyles, LLP<br>4514 Cole Avenue Suite 600<br>Dallas, TX 75205 |
| **Notice of Appearance Party** | Michael David Fritz<br>Diamond McCarthy LLP<br>909 Fannin Suite 3700<br>Houston, TX 77002 |
| **Notice of Appearance Party** | Tracy Russell Galimore<br>Peckar & Abramson<br>3050 Post Oak Blvd Suite 500<br>Houston, TX 77056 |
| **Notice of Appearance Party** | William F Harmeyer<br>W F Harmeyer & Associates<br>7322 SW Fwy Ste 475<br>Houston, TX 77074 |
| **Notice of Appearance Party** | Kyung Shik Lee<br>Kasowitz Benson Torres LLP<br>1415 Louisiana Street Suite 2100<br>Houston, TX 77002 |
| **Notice of Appearance Party** | Rachel Ruth Obaldo<br>The Attorney General of Texas<br>300 W 15th St<br>Mail MC-008<br>Austin, TX 78701 |
| **Notice of Appearance Party** | Charles M. Rubio<br>295 Madison Ave. 27th Floor<br>New York, NY 10017 |
| **Notice of Appearance Party** | James Dean Salyer<br>Morris Lendais et al<br>1980 Post Oak Blvd Ste 700<br>Houston, TX 77056 |
| **Insurer** | Aaron Linzy Mitchell<br>Tollefson Bradley Mitchell Melendi LLP<br>2811 McKinney Ave Ste 250<br>Dallas, TX 75204 |
| **Insurer** | Matthew Rigney<br>Tollefson Bradley et al<br>2811 McKinney Ave Ste 250 West<br>Dallas, TX 75204 |
| **Insurer** | Ellen Lewis Van Meir<br>Thompson Coe et al<br>700 N Pearl St Suite 2500<br>Dallas, TX 75201 |

**MAIL SERVICE LIST**
1583018.DOC

| | |
|---|---|
| **Insurer** | Illinois National Insurance Company<br>c/o Corporation Service Company<br>211 East 7th Street, Suite 620<br>Austin, TX 78701-3218 |
| **Insurer** | Employers Mutual Casualty Company<br>Attn. Donnie M Wiese<br>EMC Insurance Companies<br>777 E Campbell Rd Ste 650<br>Richardson TX 75081 -1891 |

**MAIL SERVICE LIST**
1583018.DOC

**ECF SERVICE LIST**

**17-33832** Fretz Construction Company
**Case type:** bk **Chapter:** 7 **Asset:** Yes **Vol:** v **Judge:** Marvin Isgur
**Date filed:** 06/20/2017 **Date of last filing:** 08/15/2019

**Attorneys**

| | | |
|---|---|---|
| **Damian W Abreo**<br>Johnson DeLuca Kurisky & Gould, P.C.<br>1221 Lamar Street<br>Suite 1000<br>Houston, TX 77010<br>713 652-2525<br>713 652-5130 (fax)<br>dabreo@jdkglaw.com<br> Assigned: 07/25/2017 | representing | **Fireproof Contractors, Inc.**<br>c/o Donald W. Gould, II<br>Johnson DeLuca Kennedy & Kurisky, P.C.<br>4 Houston Center<br>1221 Lamar Street, Suite 1000<br>Houston, TX 77010<br>*(Creditor)* |
| **Alex Olmedo Acosta**<br>Acosta Law, P.C.<br>13831 Northwest Freeway<br>Ste 400<br>Houston, TX 77040<br>U.S.A.<br>713-980-9014<br>713-583-9554 (fax)<br>alex@theacostalawfirm.com<br> Assigned: 07/14/2017 | representing | **Mike Jarrar Jarrar & Company, Inc.**<br>9119 Emmott Rd.<br>Houston, TX 77040<br>8324674750<br>8324673482 (fax)<br>miarrar@jarrarandcompany.com<br>*(Creditor)* |
| **H Joseph Acosta**<br>FisherBroyles, LLP<br>4514 Cole Avenue<br>Suite 600<br>Dallas, TX 75205<br>214-614-8939<br>214-614-8992 (fax)<br>joseph.acosta@fisherbroyles.com<br> Assigned: 07/27/2017<br><br> Assigned: 11/14/2017 | representing | **Linesbeck Group, LLC**<br>c/o Marty Coleman<br>5220 McKinney Avenue<br>Suite 200<br>Dallas, TX 75205<br>214-675-0718<br>martha.coleman@fisherbroyles.com<br>*(Creditor)* |
| | representing | **Aquinas Companies, LLC**<br>c/o Joseph Acosta<br>4514 Cole Avenue<br>Suite 600<br>Dallas, TX 75205<br>*(Creditor)* |
| **Jeffrey D. Carruth**<br>Weycer, Kaplan, Pulaski & Zuber, P.C.<br>11 Greenway Plaza, Suite 1400<br>Houston, TX 77046<br>713-961-9045<br>713-961-5341 (fax)<br>jcarruth@wkpz.com | representing | **First Colony Church of Christ**<br>*(Creditor)* |

**SERVICE LIST**       1583018.DOC[3]

*Assigned: 07/07/2017*

**Scott Thomas Citek**
Lamm & Smith PC
3730 Kirby Drive
Ste 650
Houston, TX 77098
713-228-2481
scitek@lammsmith.com
 *Assigned: 06/27/2017*

representing

**Graves Mechanical, Inc.**
5910 Schumacher Lane
Houston, TX 77057
713-781-4824
*(Creditor)*

**John P Dillman**
Linebarger Goggan et al
1301 Travis Street
Suite 300
Houston, TX 77002
713-844-3478
713-844-3503 (fax)
Houston_bankruptcy@publicans.com
 *Assigned: 06/26/2017*

representing

**Harris County**
Linebarger Goggan Blair & Sampson LLP
c/o John P. Dillman
Post Office Box 3064
Houston, TX 77253-3064
houston_bankruptcy@publicans.com
*(Creditor)*

**Michael David Fritz**
Diamond McCarthy LLP
909 Fannin
Suite 3700
Houston, TX 77002
713-333-5100
713-333-5199 (fax)
mfritz@diamondmccarthy.com
 *Assigned: 09/20/2017*

representing

**Rodney D Tow**
Rodney Tow, PLLC
1122 Highborne Cay Court
Texas City, TX 77590-1403
281-429-8300
rtow@rtowtrustee.com
*(Trustee)*

**Tracy Russell Galimore**
Peckar & Abramson
3050 Post Oak Blvd
Suite 500
Houston, TX 77056
7135681500
TGalimore@pecklaw.com
 *Assigned: 07/14/2017*

representing

**Lakey Electric Co.**
c/o Peckar & Abramson
One Riverway
Ste. 5070
Houston, TX 77056
mmoore@pecklaw.com
*(Creditor)*

**William F Harmeyer**
W F Harmeyer & Associates
7322 SW Fwy
Ste 475
Houston, TX 77074
713-270-5552
713-270-7128 (fax)
wharmeyer@harmeyerlaw.com
 *Assigned: 07/27/2017*

representing

**Scaffold Solutions, Inc.**
William F. Harmeyer & Associates, PC
7322 Southwest Freeway
Suite 510
Houston
(713) 270-5552
(713) 270-7128 (fax)
wharmeyer@harmeyerlaw.com
*(Creditor)*

**Jeffery B Kaiser**
Kaiser, P.C.
2211 Norfolk
Suite, 528
Houston, TX 77098
713-571-8000

representing

**LMS, Inc. d/b/a Landscape Management Services**
P.O. Box 35747
Houston, Tx 77235
*(Interested Party)*

**SERVICE LIST**   1583018.DOC[3]

713-571-8002 (fax)
jkaiser@kaiser-law.com
  *Assigned: 07/06/2017*

| | | |
|---|---|---|
| **Kyung Shik Lee**<br>Kasowitz Benson Torres LLP<br>1415 Louisiana Street<br>Suite 2100<br>Houston, TX 77002<br>713-220-8800<br>KLee@kasowitz.com<br>  *Assigned: 08/11/2017* | representing | **Rodney D Tow**<br>Rodney Tow, PLLC<br>1122 Highborne Cay Court<br>Texas City, TX 77590-1403<br>281-429-8300<br>rtow@rtowtrustee.com<br>*(Trustee)* |
| **Lisa M. Norman**<br>Andrews Myers, PC<br>1885 St. James Place<br>15th Floor<br>Houston, TX 77056<br>713-850-4200<br>713-850-4211 (fax)<br>lnorman@andrewsmyers.com<br>  *Assigned: 06/27/2017* | representing | **B & D Contractors, Inc.**<br>*(Creditor)*<br><br>**Crawford Electric Supply Company, Inc**<br>*(Creditor)*<br><br>**Raven Mechanical, L.P.**<br>*(Creditor)*<br><br>**Tobin & Rooney, Inc.**<br>*(Creditor)* |
| **Rachel Ruth Obaldo**<br>The Attorney General of Texas<br>300 W 15th St<br>Mail MC-008<br>Austin, TX 78701<br>512-475-4551<br>bk-robaldo@oag.texas.gov<br>  *Assigned: 12/21/2017* | representing | **Texas Comptroller of Public Accounts**<br>Rachel Obaldo<br>c/o Sherri K. Simpson, Paralegal<br>P.O. Box 12548<br>Austin, TX 78711-2548<br>*(Creditor)* |
| **Aaron James Power**<br>Porter Hedges LLP<br>1000 Main 36th Flr<br>Houston, TX 77002<br>713-226-6631<br>713-226-6231 (fax)<br>apower@porterhedges.com<br>  *Assigned: 07/06/2017* | representing | **SKAI Foundation**<br>*(Interested Party)* |
| **Trent L Rosenthal**<br>Trent L Rosenthal, P.L.L.C.<br>675 Bering<br>Suite 150<br>Houston, TX 77057<br>713-647-8177<br>713-647-8127 (fax) | representing | **Fretz Construction Company**<br>8945 Long Point Road<br>Houston, TX 77055-3034<br>*(Debtor)* |

**SERVICE LIST**          1583018.DOC[3]

trosenthal@rosenthallaw.com
*Assigned: 06/20/2017*

**Charles M. Rubio**
295 Madison Ave.
27th Floor
New York, NY 10017
713-333-5127
713-333-5195 (fax)
crubio@diamondmccarthy.com
*Assigned: 09/12/2017*

*Assigned: 07/23/2019*

representing

**Rodney D Tow**
Rodney Tow, PLLC
1122 Highborne Cay Court
Texas City, TX 77590-1403
281-429-8300
rtow@rtowtrustee.com
*(Trustee)*

representing

**Diamond McCarthy LLP**
909 Fannin, Suite 3700
Houston, TX 77010
*(Attorney)*

**James Dean Salyer**
Morris Lendais et al
1980 Post Oak Blvd
Ste 700
Houston, TX 77056
713-966-7200
713-966-7230 (fax)
jsalyer@mlhs.net
*Assigned: 03/23/2018*

representing

**Zimmerman Interests, Inc.**
3410 Montrose Blvd.
Houston, TX 77006
*(Creditor)*

**SERVICE LIST**         1583018.DOC[3]

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| FRETZ CONSTRUCTION COMPANY, | § | Case No. 17-33832 |
| | § | |
| Debtor. | § | |

**ORDER GRANTING SECOND MOTION OF FIRST COLONY CHURCH OF CHRIST FOR RELIEF FROM § 362 AUTOMATIC STAY REGARDING CONSTRUCTION DEFECT CLAIMS (RE: DOCKET NO. ___)**

On this date the Court considered the *Second Motion of First Colony Church of Christ for Relief from § 362 Automatic Stay Regarding Construction Defect Claims* (Docket No. ___) (the "Motion to Lift Stay") which was filed herein by First Colony Church of Christ ("FCCC") on October 23, 2019. The Motion to Lift Stay contained the necessary notices and, according to the certificate of service therein, was served upon all parties entitled to notice. Based upon the record before the Court, the Court finds and concludes that cause exists under 11 U.S.C. § 362(d)(1) to immediately terminate the automatic stay as set forth herein.

**IT IS THEREFORE ORDERED THAT:**

1. The Motion to Lift Stay is granted as set forth herein.

2. Capitalized terms not defined herein shall have the same meaning as ascribed to such terms in the Motion.

3. The automatic stay of 11 U.S.C. § 362(a) is hereby lifted, annulled, and terminated with respect to FCCC pursuing all Construction Defect Claims against Fretz Construction Company and/or Rodney Tow, Chapter 7 Trustee; provided, however, that FCCC shall limit any recovery from such litigation to any recovery that might be obtained by Fretz and/or the Trustee from any insurers for the benefit of FCCC.

4. The 14-day of Bankruptcy Rule 4001(a)(3) is terminated, and the relief provided in this order is immediately effective.

DATED: _____

_____
THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE